*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1918**

In re the Matter of:
Katherine Thistle Rivard, petitioner,
Respondent,

vs.

Andrew Laurence Rivard,
Appellant.

**Filed June 8, 2015
Affirmed
Halbrooks, Judge**

Hennepin County District Court
File No. 27-FA-000265636

Katherine T. Rivard, Oakdale, Minnesota (pro se respondent)

Andrew L. Rivard, Jackson, Mississippi (pro se appellant)

Considered and decided by Larkin, Presiding Judge; Halbrooks, Judge; and Johnson, Judge.

## U N P U B L I S H E D   O P I N I O N

**HALBROOKS**, Judge

Appellant challenges the district court's denial of his motion to order respondent to terminate the health insurance that she provides for the parties' child under the terms of their marital termination agreement so that appellant may provide alternative coverage.

Appellant also requests judicial review of the child's past and future medical expenses. We affirm.

**FACTS**

Appellant Andrew Rivard, M.D., and respondent Katherine Thistle Rivard married in 1996. Their only child was born two years later. The parties separated in 2000. In 2002, they each sought the assistance of counsel and prepared a marital-termination agreement. The district court accepted the agreement and dissolved their marriage. The district court's judgment and decree granted the parties joint legal custody of their child and awarded respondent sole physical custody. The district court ordered respondent to provide health insurance for the child and required appellant to reimburse respondent for one-half of the child's health-insurance premiums and uncovered medical expenses in addition to providing child support. The parties stipulated that they would review these terms when appellant's employment changed, but otherwise they agreed to mediate any dispute over child support or parenting access before seeking judicial relief.

Appellant brought three motions in the subsequent two years challenging his parenting access to the child. The district court dismissed each motion because appellant refused to attempt to mediate the disputes before moving the district court for relief.

In December 2011, respondent sought an increase in child support following appellant's completion of his training and beginning a position at the University of Mississippi Medical Center. Respondent also requested reimbursement for appellant's share of the child's insurance premiums and uncovered medical costs over the preceding two and one-half years, which she alleged that appellant had refused to pay. The district

2

court followed the guidelines calculations and ordered a nearly 400% increase in appellant's child-support obligations following appellant's nearly 1,269% increase in guidelines income. The district court also increased appellant's share for the child's health-insurance premiums and uncovered medical expenses from 50% to 96%. The district court ordered respondent to continue to provide medical coverage for the child. Appellant challenged the modification before this court, and we affirmed. *Rivard v. Rivard*, No. A12-0932, 2013 WL 216029, at *3 (Minn. App. Jan. 22, 2013).

Shortly after we affirmed, the parties' child required significant medical attention resulting in medical expenses that were not covered by the child's insurance. Appellant refused to reimburse respondent for these costs, and he challenged his obligations in district court. Appellant claimed that respondent sought unnecessary health care for the child from out-of-network providers in order to subject him to exorbitant reimbursements. He claimed that he could provide superior insurance for the child, and he requested that the district court order respondent to terminate her health-insurance policy's coverage for the child. When the district court asked appellant about the specifics of the policy that he had in mind to cover the child, appellant stated that he had not researched whether his insurance would cover the child. Appellant also requested judicial review of the child's past medical expenses and asked the district court to analyze the child's future, non-emergency health-care needs before permitting respondent to authorize the care.

The district court denied appellant's requests. The district court noted that appellant had failed to mediate any dispute over child support prior to seeking judicial

3

review and failed to put forth any argument or evidence warranting judicial review of the child's medical expenses. This appeal follows.

## D E C I S I O N

Appellant challenges the district court's denial of his motions to order respondent to terminate the child's health coverage and to order judicial review of the child's uncovered medical expenses.

The parties stipulated in their marital termination agreement that they must first pursue mediation for "any claim or controversy" involving child support before seeking relief in district court. Courts favor parties' stipulations in dissolution proceedings because they simplify and expedite litigation. *Shirk v. Shirk*, 561 N.W.2d 519, 521 (Minn. 1997). If one party does not waive its stipulation and the court does not relieve the other party of its agreement, the stipulations are "accorded the sanctity of binding contracts." *Id.* at 521-22.

The district court observed that appellant agreed to mediate any dispute over child support before he could seek judicial relief, and the district court declined to review the child's past or future medical costs. The district court's decision is unassailable.

When a joint child is enrolled in appropriate health-care coverage, the district court must continue that enrollment unless "the parties agree otherwise" or "a party requests a change in coverage and the [district] court determines that other health care coverage is more appropriate." Minn. Stat. § 518A.41, subd. 4(a), (c) (2014). Appellant does not challenge the district court's finding that the child is enrolled in appropriate health-care coverage. Therefore, to prevail on his argument that the district court erred

by refusing to terminate the child's health-care coverage, he must demonstrate either that the parties agreed to change coverage or that "other health care coverage is more appropriate." *See id.*, subd. 4(a). Respondent did not agree to change the child's coverage because appellant refused to discuss the matter with her. And the district court could not consider whether other coverage was "more appropriate" because appellant failed to identify any alternative coverage. The district court correctly determined that it could not order a change in coverage on the record before it. *See id.*, subd. 4(c).

We also affirm the district court's sound decision not to review the child's past and future medical expenses. The district court correctly noted that Minnesota law already provides a definition for those charges that appellant agreed to pay under their marital-termination agreement. *See id.*, subd. 1(h) (2014). And there is no evidence in the record to support appellant's assertion that the child's medical charges do not meet this definition because respondent sought unnecessary care for the child so that appellant would be required to reimburse respondent. The district court found that respondent had a good-faith belief in the necessity of the care but was simply mistaken about what care was covered by the child's insurance. Appellant fails to demonstrate that any of the care was unnecessary, and he does not explain why respondent would seek out unnecessary care for the child in order to subject appellant to exorbitant reimbursement requests when she herself is legally responsible for paying a portion of these charges and has frequently borne appellant's share because he has repeatedly refused to reimburse her.

The district court's decision not to require respondent to seek judicial permission before allowing the child to access non-emergency medical care is equally sound.

5

Appellant's extraordinary request to intimately involve the district court in the parties' on-going and daily parenting decisions misconceives of the role of the district court in the parties' dispute. Appellant agreed to mediate disputes over reimbursement for the child's medical care before seeking judicial relief. If a dispute arises and the parties are unable to resolve it following mediation, the district court will review the matter. Respondent indicated her willingness to discuss appellant's proposal, and nothing in the district court's order or this opinion prevents appellant from researching health-insurance policies to cover the child and then attempting to persuade respondent to enroll the child in one of these policies.[1] But on the record before us, we affirm the district court's well-reasoned decision to keep the child enrolled in adequate health-care coverage and to leave to the parties the daily decisions over their child's health-care needs.

**Affirmed.**

---

[1] Unless the parties agree otherwise and the district court approves a subsequent modification, appellant would continue to be responsible for reimbursing respondent for 96% of the child's insurance premiums and uncovered medical expenses. *See* Minn. Stat. § 518A.41, subd. 5(a) (2014).